UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRYCE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00067-NCC |
| | ) | |
| THE STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Bryce Davis's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1; Docket No. 4).[1] For the reasons discussed below, the petition will be denied and dismissed. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**Background**

Petitioner is a self-represented litigant who is currently a pretrial detainee at the Butler County Jail in Poplar Bluff, Missouri. On January 31, 2022, the State of Missouri filed an information charging petitioner with vehicle hijacking, second-degree domestic assault, second-degree kidnapping, armed criminal action, unlawful possession of a concealable firearm, tampering with a victim, and unlawful use of a weapon. *State of Missouri v. Davis*, No. 21BT-CR01743-01 (36th Jud. Cir., Butler County).[2] The case is currently pending, with the next hearing scheduled for May 31, 2022.

---

[1] The Court notes that it received petitioner's petition in two separate mailings. One envelope contained the last five pages of a Court-provided 28 U.S.C. § 2254 form, along with a motion for leave to proceed in forma pauperis, while a second envelope contained the first eight pages of the § 2254 form.

[2] The Court reviewed petitioner's underlying state criminal case on Case.net, Missouri's online case management system, and will take judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

**The Petition**

Petitioner's petition is on a Court-provided 28 U.S.C. § 2254 form, which the Court received in two separate mailings. On the first page, petitioner acknowledges that he has not yet been convicted or sentenced. (Docket No. 4 at 1). Later in the petition, he also notes that his "case is currently pending [and] awaiting trial." (Docket No. 4 at 5). Nevertheless, petitioner presents four separate grounds for relief.

In ground one, petitioner alleges "false charges/imprisonment," and states that the "warrant does not match the affidavit," that "there was no evidence linking [him] to a crime," that "there was no investigation to prove [he] committed a crime," that "the dispatch call was for a possible burglary in progress," and that his "counsel is ineffective." (Docket No. 4 at 4).

In ground two, petitioner asserts "wrongful neglect," and complains that he "was exposed to [and] caught Covid-19 in the Butler County Justice Center." (Docket No. 4 at 6). He accuses unnamed officers of failing to treat him, alleges that his medical requests have been ignored, and states that he still has not been vaccinated.

In ground three, petitioner contends that he has been subjected to "cruel [and] unusual punishment" in that he has been "denied access to the Holy Quran," that he has not been given his religious diet, that he has been denied unspecified hygiene products, that he has been placed into "a cell behind a padlock, in the dark, with no emergency button," and that he has been "subjected to verbal assault [and] threatened by officers trying to fight [him]." (Docket No. 4 at 7).

Finally, in ground four, petitioner claims that he has suffered "discrimination, racism [and] bias." (Docket No. 1 at 1). Specifically, he asserts that officers at the Butler County Justice Center do not "honor Islam," have given him "slave nicknames," and denied him his right to practice his religion.

Based on these allegations, petitioner seeks release from confinement and the dismissal of his criminal charges. (Docket No. 1 at 4).

### Discussion

Petitioner is a self-represented litigant who brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, he has not yet been convicted or sentenced in the criminal case he is challenging. Therefore, for the reasons discussed below, the petition must be denied and dismissed.

**A. Pre-Judgement Relief Not Available Under 28 U.S.C. § 2254**

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). To that end, 28 U.S.C. § 2254 only applies to petitioners who are "in custody *pursuant to the judgement* of a State court." 28 U.S.C. § 2254(a) (emphasis added). *See also Alaska v. Wright*, 141 S.Ct. 1467, 1468 (2021) ("Section 2254(a) permits a federal court to entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court").

In this case, petitioner is not being held in custody pursuant to a state court judgment. To the contrary, he admits several times in his petition that he has not yet been convicted, and that his case is pending trial. The Court's independent review of his state court case likewise indicates that petitioner has not pled guilty or been convicted following a trial, has not been sentenced, and has an upcoming hearing on May 31, 2022. As such, 28 U.S.C. § 2254 relief is not available to him.

*See West v. Stahl*, 2008 WL 4104536, at *2 (E.D. Mo. 2008) (denying and dismissing pretrial detainee's § 2254 petition "because relief under § 2254 is only available post-judgment").[3]

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief because he is not "a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). Rather, he is a pretrial detainee who is still awaiting either a trial or a plea hearing. As § 2254 relief is not available to petitioner pre-judgment, the instant petition must be denied and dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or

---

[3] The Court notes that pretrial detainees have been allowed to seek habeas relief pursuant to 28 U.S.C. § 2241 in certain specified instances involving double jeopardy or speedy trial violations. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (noting that it was well-established that federal district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation); and *Hogquist v. Anoka Cty. Dist. Courts*, 2019 WL 6879367, at *1 n.2 (D. Minn. 2019) (explaining that when a petitioner's double-jeopardy or speedy-trial rights are allegedly infringed, there is an exception to the rule that a pretrial detainee must await entry of a final state court judgment in order to exhaust state remedies). In this case, petitioner has clearly presented his claims under 28 U.S.C. § 2254. Furthermore, he has not alleged a violation of his right to a speedy trial or of the Double Jeopardy Clause. Therefore, the Court will not construe this action as arising under 28 U.S.C. § 2241.

the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### D. Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted.

### E. Conditions of Confinement Claims

Within his 28 U.S.C. § 2254 petition, petitioner appears to complain about the conditions of confinement at the Butler County Jail, including allegations regarding his religious rights, verbal threats, and medical treatment as it pertains to COVID-19. These claims are not properly brought under a petition for writ of habeas corpus, which is a vehicle for "challenging the very fact or duration of his physical imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Instead, such claims may be submitted pursuant to 42 U.S.C. § 1983. The Court will therefore direct the Clerk of Court to send to petitioner a copy of the Court's prisoner civil rights complaint form and a copy of the Court's motion for leave to proceed in forma pauperis form. If petitioner wishes to pursue these claims, he must do so by filing a **separate** civil action. In addition, petitioner must either file a motion for leave to proceed in forma pauperis or pay the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that petitioner's 28 U.S.C. § 2254 petition is **DENIED AND DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 26th day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE